UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JAMES KEITH DEIBLER and
DIANA DEIBLER,

    Plaintiffs,

v.

QUICKEN LOANS, INC.,

    Defendant.

Civil Action No. TDC-15-2286

## MEMORANDUM OPINION

This case is before the Court on Defendant Quicken Loans, Inc.'s Motion to Dismiss, ECF No. 11. Having reviewed the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss is GRANTED.

## BACKGROUND

On May 28, 1998, Plaintiffs James Keith Deibler and Diana Deibler ("the Deiblers"), who proceed in this action *pro se*, purchased property located at 29481 Dogwood Circle in Mechanicsville, Maryland. St. Mary's County Land Records, Book 1288 at 570-71, *available at* http://mdlandrec.net.[1] At that time, the property was encumbered by a mortgage in the amount of $163,400.00 owned by North American Mortgage Company. On October 25, 2006, the Deiblers refinanced the property with Defendant Quicken Loans, Inc. ("Quicken"), taking out a mortgage in the amount of $245,000.00. A deed of trust with Quicken identified as the lender was recorded in the St. Mary's County land records on May 2, 2007. The deed, signed and

---

[1] The Court takes judicial notice of land records and court proceedings. Fed. R. Evid. 201(b)(2).

initialed on each page by the Deiblers, named the Mortgage Electronic Registration System ("MERS") as a beneficiary of the assignment and "nominee" for Quicken and its "successors and assigns." Compl. Ex. 2 at 3-4, ECF No. 2-3.[2]

On June 26, 2015, the Deiblers filed this suit in the Circuit Court for St. Mary's County, Maryland against Quicken seeking to quiet title to 29481 Dogwood Circle and seeking unspecified damages for claims of unfair trade practices, breach of contract, and "bad faith breach of contract." Compl. at 22, ECF No. 2. In the Complaint, the Deiblers assert that Quicken fraudulently recorded this deed of trust and did so "to conceal from the Plaintiff the true owner and holder of the note and mortgage." Id. ¶¶ 5, 47. Specifically, the Deiblers assert that through MERS, Quicken "conveyed all right, title and interest" in 29481 Dogwood Circle to a "concealed owner" and then refused to provide them with the name and identity of the lender. Id. ¶ 6. The Deiblers also assert that Quicken has conducted business in Maryland without having a license to do so, such that Quicken has unclean hands in relation to their mortgage. They claim that if Quicken wishes to enforce its interest in 29481 Dogwood Circle, it must "produce the wet ink note and mortgage." Id. ¶ 34.

Based on Quicken's alleged fraudulent recording of the deed of trust and its alleged unclean hands, the Deiblers conclude either that Quicken is not the true owner and holder of the note, or that the 2006 transfer of the deed to Quicken was never effective. They thus assert that because Quicken has concealed from them the true owner of their mortgage, their obligation to remit payments has been discharged. Accordingly, the Deiblers have not made a payment on their mortgage within the past three years and admit that the mortgage loan remains unsatisfied.

---

[2] Citations to exhibit page numbers are to the page numbers assigned by the Court's CM/ECF filing system.

2

Quicken removed the case to this Court on August 5, 2015. On August 12, 2015, Quicken filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that the Deiblers have failed to state any claim on which relief can be granted. On November 4, 2015, the Deiblers filed a Motion to Strike Quicken's Motion to Dismiss in which they repeat the assertions made in their Complaint and take issue with Quicken's Motion to Dismiss. By an Order dated November 16, 2015, the Court construed the Motion to Strike as a Response in Opposition to Quicken's Motion to Dismiss. On November 30, 2015, Quicken filed a Reply to that Response.

On September 29, 2015, foreclosure proceedings for 29481 Dogwood Circle were instituted in the Circuit Court for St. Mary's County. Those proceedings are ongoing. An Appointment of Substitute Trustees executed on December 17, 2014, in advance of the foreclosure proceedings, indicates that, as of that date, the mortgage to 29481 Dogwood Circle was held not by Quicken, but by U.S. Bank, N.A. on behalf of Bear Stearns Asset Backed Securities. St. Mary's County Land Records, Book 4146 at 214.

## DISCUSSION

### I. Legal Standard

To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.* In evaluating the sufficiency of the plaintiff's claims, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light

most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Complaints filed by *pro se* plaintiffs are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

In addition, because the Deiblers' allegations sound in fraud, they are subject to the heightened pleading standards of Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Under this heightened pleading standard, the Deiblers must allege "the time, place, and contents" of the fraudulent representation, the identity of the person who made the misrepresentation, and "what he obtained thereby." *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

## II.     Counts I and II: Quiet Title

In the first two counts of their Complaint, the Deiblers seek to quiet title to 29481 Dogwood Circle. Under Maryland law, a quiet title action may be maintained only "if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim." Md. Code Ann., Real Prop. § 14–108(a). Thus, the Deiblers' quiet title claims fail because there is a pending foreclosure proceeding on the property. *See Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 197 n.1 (4th Cir. 2014) (noting that a "pending foreclosure proceeding ... would bar the current quiet title claim"); *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721 (D. Md. 2009) (dismissing a quiet title claim when

foreclosure action was pending in state court); *see also Braxton v. Citibank, N.A.*, No. 11-cv-00742-AW, 2011 WL 4368011, at *2 (D. Md. Sept. 15, 2011) ("[A] quiet title action cannot be maintained in Maryland while an underlying foreclosure suit is pending."). The Deiblers' quiet title claims must be dismissed on this basis alone.

The quiet title counts also fail to state a claim. A quiet title action enables a plaintiff possessing real property to challenge the validity of, as relevant here, a defendant's claim "to hold any lien encumbrance" on that same property. Md. Code Ann., Real Prop. § 14–108(a). A plaintiff bringing a quiet title action must make two showings. First, a plaintiff must show that the defendant with a competing claim has an interest that is "actually defective, invalid, or ineffective." *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982). Second, the plaintiff must show a valid claim of entitlement to the property at issue, which requires that the plaintiff establish both possession of the property and "legal title by 'clear proof.'" *Porter v. Schaffer*, 728 A.2d 755, 766–67 (Md. Ct. Spec. App. 1999) (quoting *Steward v. May*, 73 A. 460 (Md. 1909)).

The Deiblers cannot pursue a quiet title claim against Quicken because Quicken has disavowed any interest in the property and therefore does not have a competing claim to the property. In its Motion to Dismiss, Quicken asserts that it sold the mortgage to 29481 Dogwood Circle "around November 2006" and "has not held any interest in this loan or the property since that time." Mem. Supp. Mot. Dismiss at 5 n.5, ECF No. 11-1. The December 2014 Appointment of Substitute Trustee lists the mortgage holder as U.S. Bank, N.A. on behalf of Bear Stearns Asset Backed Securities, indicating that Quicken does not, in fact currently have any claim or interest in 29481 Dogwood Circle. Thus, Quicken is not a proper defendant in a quiet title action.

The Deiblers also cannot show a valid claim of entitlement to the property. The Deiblers do not dispute that they entered into the mortgage and that, at that point, they did not have unencumbered title to the property. Their claim thus appears to be that they regained title to the property when Quicken fraudulently recorded the deed of trust and then transferred it through the MERS system "to conceal from [them] the true name and identity of the lender." Compl. ¶ 7. The Deiblers also appear to claim that they have title because Quicken has not produced the original note.

These allegations do not state valid legal theories to support a quiet title claim. The Deiblers' challenge to the validity of the use of the MERS system of land-title recording is unavailing. "MERS . . . skirt[s] the traditional land-title recording process in localities . . . and replac[es] it with the industry's own tracking system." *Anderson v. Burson*, 35 A.3d 452, 456 (Md. 2011) (internal citations omitted). Mortgage brokers "name MERS as a nominal mortgagee in the mortgage. Then, subsequent transfers of the mortgage are recorded electronically and entirely on MERS while the original mortgage, recorded in the public land records, remains unchanged." *Id.* Courts have regularly held that the MERS system of recordation "is proper and assignments through that system are valid." *Suss v. JP Morgan Chase Bank, N.A.*, No. WMN-09-1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010). *See McNeil v. Bank of America*, No. DKC-13-2162, 2014 WL 1831115, at *5 (D. Md. May 7, 2014); *Parker v. Deutsche Bank Nat'l Trust Co.*, No. WMN-12-3358, 2013 WL 1390004, at *3 (D. Md. Apr. 3, 2013). Here, the loan documents specifically provide that MERS could act as a nominee for Quicken, meaning that Quicken could use MERS to later transfer its interest in 29481 Dogwood Circle to another lender. In signing those documents, the Deiblers consented to Quicken's use of the MERS

system. Thus, the Deiblers' claim that Quicken's use of MERS amounted to fraud, and any claim that such fraud would allow the Deiblers to claim title to the property, must fail.

The Deiblers' related claim, that they have title to the property because Quicken has failed to produce the original note, is also inherently flawed. In Maryland, "[t]he title to any promissory note ... conclusively is presumed to be vested in the person holding the record title to the mortgage." Md. Code, Real Property, § 7-103(a). Quicken was assigned the deed of trust to 29481 Dogwood Circle on May 2, 2007 and therefore was presumed to have the right to enforce the promissory note attached to that deed of trust. Because of this presumption, courts in this district have repeatedly rejected this "show me the note" argument. *See Jones v. Bank of N.Y. Mellon*, No. DKC-13-3005, 2014 WL 3778685, at *4 (D. Md. Jul. 29, 2014); *Harris v. Household Finance Corp.*, RWT-14-606, 2014 WL 3571981, at *2 (D. Md. Jul. 18, 2014) (explaining that "there is no recognizable claim" that a mortgagor must "produce 'wet ink' signature documents" in order for a mortgage to be valid). This argument too, is thus not legally viable.

Finally, the Court rejects the Deiblers' claim in Count I that the mortgage is unenforceable because the statute of limitations has run. The statute of limitations is a defense and cannot be used "as a sword" to advance a quiet title claim. *See Cunningham v. Davidoff*, 46 A.2d 633, 634 (Md. 1946).

Because the property at issue in the Deiblers' quiet title claim is currently in foreclosure, Quicken does not even claim title to the property, and the Deiblers have not pleaded any viable legal theory for their quiet title claim, Counts I and II are dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. Awappa, LLC,* 615 F.3d 312, 320 (4th Cir. 2010) (stating that when any

7

alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

### III. Count III: Unfair Trade Practices
### Count IV: Breach of Contract
### Count V: Bad Faith Breach of Contract

In Count III, the Deiblers assert that Quicken engaged in unfair trade practices as defined in § 13-301 of the Maryland Commercial Law. Although the Deiblers identify eight forms of unfair trade practices referenced in the statute, only three are arguably relevant to this case: "[a] false . . . or misleading oral or written statement . . . that has the capacity, tendency, or effect of deceiving or misleading consumers," "failure to state a material fact if the failure deceives or tends to deceive," and a "misrepresentation . . . or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of . . . consumer realty." Md. Code Ann. Com. Law § 13-301(1), (3), (9). In Count IV, the Deiblers assert that Quicken breached a contract, and in Count V they assert that the breach was done in bad faith. The Deiblers provide the exact same basis for all three of these claims, specifically that Quicken acted as a lender in Maryland without a license, improperly utilized MERS, "[f]raudulently conceal[ed] the name of the 'Lender,'" committed "acts of [f]raudulent concealment of assets," and committed "acts of [p]redatory lending." Compl. at 13-14, 18, 22.[3]

As to the first allegation, Quicken provides public records from the Nationwide Mortgage Licensing System which establish that Quicken has been licensed to do business in Maryland

---

[3] The Deiblers also assert that Quicken violated an April 13, 2011 consent decree. The Deiblers do not attach this decree to their Complaint, and Quicken asserts that it is not a party to any such decree. Even if Quicken were a party to such a decree, the Deiblers, as non-parties to the decree, would have no standing to pursue a claim that Quicken had failed to adhere to the decree's terms. *United States v. ITT Cont. Baking Co.*, 420 U.S. 223, 238 (1975) (stating that consent decrees are "to be construed for enforcement purposes basically as a contract").

since November 1998. Mot. Dismiss Ex. C, ECF No. 11-4; *see* Fed. R. Evid. 201(b)(2) (authorizing courts to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). This basis for the Deiblers' unfair trade practices and breach of contract claims therefore fails.

The allegations relating to the utilization of MERS and fraudulent concealment of the name of the Lender essentially rehash the Deiblers' allegations about the invalidity of the MERS system. As noted above, however, courts have repeatedly held that the MERS system of recordation "is proper and assignments through that system are valid." *See, e.g., Suss*, 2010 WL 2733097, at *5. Furthermore, the deed of trust itself authorizes Quicken to use MERS and allows MERS to act on Quicken's behalf. The Deiblers' assertion that Quicken is liable for an unfair trade practice or breach of contract for recording that signed document in the county land records and then doing what the contract expressly allows—namely, using MERS—must therefore be rejected. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) (explaining that "in the event of a conflict between the bare allegations of the complaint" and any exhibit attached to that complaint, "the exhibit prevails"). The Deiblers have identified no contractual provision or legal requirement mandating that Quicken, having transferred its rights away through MERS, must now inform the Deiblers of the current Note holder. Thus, these theories do not support a legally viable claim for unfair trade practices or breach of contract.

To the extent that the unfair trade practices or breach of contract claims are based on the allegation that Quicken engaged in "predatory lending" or "concealment of assets," the Deiblers have asserted no facts in support of these allegations. The Complaint thus does not "permit the court to infer more than the mere possibility of misconduct" and therefore fails to show that the

Deiblers are "entitled to relief." *Iqbal*, 556 U.S. at 679 (citation omitted); *see Nemet Chevrolet, Ltd.*, 591 F.3d at 255 (emphasizing that plaintiffs must plead more than "bare assertions devoid of further factual enhancement").

Finally, because the alleged unfair trade practices claim sounds in fraud, that claim fails because it does not meet the special pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff provide details regarding the time, place, and manner of a fraudulent misrepresentation, as well as what was gained through that fraud. *See Harrison*, 176 F.3d at 784. Here, none of these details are provided.

Because the Deiblers fail to plead a viable legal theory or facts stating an unfair trade practices claim or a breach of contract claim, Counts III, IV, and V are dismissed. *See U.S. Airline Pilots Ass'n*, 615 F.3d at 320.

## CONCLUSION

For the foregoing reasons, Quicken's Motion to Dismiss, ECF No. 11, is GRANTED and all claims against it are DISMISSED. A separate Order shall issue.

Date: February 1, 2016

THEODORE D. CHUANG
United States District Judge